IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| James Scott Johnson, ) | |
| ) | C/A No. 0:13-2967-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Duke Energy Corporation n/k/a Duke ) | |
| Energy Carolinas, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff James Scott Johnson is a former employee of Defendant Duke Energy Corporation, now known as Duke Energy Carolinas, LLC. On September 23, 2013, Plaintiff filed a complaint in the South Carolina Court of Common Pleas (York County) in which he alleges that Defendant falsely accused him of unprofessional conduct and poor judgment and thereafter terminated him. Plaintiff further alleges that after the termination he was told by fellow co-workers that they had been informed of the termination and the reasons why. Plaintiff asserts a cause of action for defamation. On October 30, 2013, Defendant removed the case to this court on the basis of diversity jurisdiction. See 28 U.S.C. § 1332.

This matter is before the court on Defendant's motion to dismiss the complaint for failure to state a claim, which motion was filed on November 20, 2013. Plaintiff filed a memorandum in opposition to Defendant's motion on December 6, 2013, to which Defendant filed a reply on December 16, 2013.

I. DISCUSSION

When ruling on a defendant's motion to dismiss, the court must accept as true all of the

factual allegations contained in the complaint. Smith v. McCarthy, 349 F. App'x 851, 856 (4th Cir. 2009) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A complaint need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Tobey v. Jones, 706 F.3d 379, 387 (4th Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). A Rule 12(b)(6) motion to dismiss "'does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1991)). However,"'[f]actual allegations must be enough to raise a right to relief above the speculative level,' with the complaint having 'enough facts to state a claim to relief that is plausible on its face.'" Smith at *2 (quoting Twombly, 550 U.S. at 555). "'[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are insufficient." Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To prove defamation, a plaintiff must show "'(1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.'" Banks v. St. Matthew Baptist Church, 750 S.E.2d 605, 607 (S.C. 2013) (quoting Erickson v. Jones St. Publishers, LLC, 629 S.E.2d 653, 664 (2006)). In this case, Defendant contends that the facts in the complaint are insufficient to state a claim for defamation. Specifically, Defendant asserts that Plaintiff has failed to adequately allege the second factor, publication; and the fourth factor, actionability. The court disagrees.

A.    Publication

Defendant argues that Plaintiff has failed to include specific defamatory comments, including "'the time, place, content and listener of the alleged defamatory matter.'" Campbell v. Internat'l Paper Co., CA 3:12-CV-03042-JFA, 2013 WL 1874850, at *3 (D.S.C. May 3, 2013) (quoting English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc., CA 97-2397, 1999 WL 89125, at *3 (4th Cir. Feb. 23, 1999)). In Campbell, the plaintiff alleged in his complaint that purportedly defamatory statements were made "publicly known" and that the defendants and "countless others" "published and republished them." 2013 WL 1874850, at * 4. The Honorable Joseph F. Anderson granted the defendants' Rule 12(b)(6) motion to dismiss based on his finding that the plaintiff offered only "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," Twombly, 550 U.S. at 555, rather than establishing the publication element of a defamation claim.

The court finds Campbell to be distinguishable. The facts alleged in this case are more similar to those in Alford v. Wang, Inc., CA No. 9:13-1166-SB-BHH, 2014 WL 1314943 (D.S.C. March 31, 2014), wherein the plaintiff identified "employees" of the defendant as persons to whom defamatory statements were made. The defendant moved to dismiss pursuant to Rule 12(b)(6), asserting that the plaintiff had failed to adequately plead publication. The motion was denied by the Honorable Sol Blatt. In making his ruling, Judge Blatt adopted a Report and Recommendation wherein it was observed:

> It is not impermissible that names are unknown. That is what discovery affords. The plaintiff has not made a blanketed accusation that a publication was simply somewhere made. Instead, she has identified employees of the defendant, a finite number of identifiable individuals relevant to this case. If she cannot ultimately prove them, so be it.

Id. at *11.

Similarly, Plaintiff alleges that defamatory statements were made to his co-workers, a discrete group of individuals. The court notes that the statements had to have been made at some point between his termination on August 1, 2013, and the filing of the complaint in state court on September 23, 2013, a discrete time period. For purposes of Defendant's motion to dismiss, the court concludes that Plaintiff has stated sufficient facts to show publication.

B.   Actionability

Slander, which is involved in this case, is actionable per se when it charges the plaintiff with one of five types of acts or characteristics: (1) commission of a crime of moral turpitude; (2) contraction of a loathsome disease; (3) adultery; (4) unchastity; or (5) unfitness in one's business or profession. Castine v. Castine, 743 S.E.2d 93, 97-98 (S.C. Ct. App. 2013) (quoting Erickson v. Jones St. Publishers, LLC, 629 S.E.2d 653, 664 (S.C. 2006)). If the statement is actionable per se, then the defendant is presumed to have acted with common law malice and the plaintiff is presumed to have suffered general damages. Fountain v. First Reliance Bank, 730 S.E.2d 305, 309 (S.C. 2012) (quoting Erickson, 629 S.E.2d at 664). If the statement is not actionable per se, then the plaintiff must plead and prove both common law malice and special damages. Id. (quoting Erickson, 629 S.E.2d at 664).

Defendant argues that Plaintiff fails to include factual allegations to support a claim that the purported slander charged him with being unfit for his profession. Defendant states that the complaint is devoid of any specific statement that was allegedly told to his co-workers regarding his professional fitness or lack thereof. As with the publication element discussed hereinabove, such details properly may be pursued during discovery. Plaintiff's allegations that he was terminated based upon allegedly false accusations of unprofessional and negligent conduct and poor judgment,

4

and that these particulars were provided to his co-workers, are adequate to survive Defendant's motion to dismiss as to actionability.

## II.  CONCLUSION

For the reasons stated, Defendant's motion to dismiss (ECF No. 11) is **denied**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

May 28, 2014.